

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*

| | |
|---|---|
| *970 Broad Street, 7th floor* | *973-645-2700* |
| *Newark, New Jersey 07102* | |

MLG/PL AGR
2024R00576

RECEIVED

June 27, 2025

AUG 13 2025

AT 8:30_____M
CLERK, U.S. DISTRICT COURT - DNJ

David Holman, Esq.
Assistant Federal Public Defender
Office of the Federal Public Defender
972 Broad St.
Newark, NJ 07102

    Re:    Plea Agreement with Jamal McMillian        25-CR-504 (ZNQ)

Dear Mr. Holman:

        This letter sets forth the plea agreement between your client, Jamal McMillian
("McMILLIAN"), and the United States Attorney for the District of New Jersey ("this
Office"). This offer will expire on **July 11, 2025,** if it is not accepted in writing by that
date. If McMILLIAN does not accept this plea agreement, his sentencing exposure
could increase beyond what is discussed in this plea agreement as a result of this
Office's investigation.

<u>Charge</u>

        Conditioned on the understandings specified below, this Office will accept a
guilty plea from McMILLIAN to an Information, which charges McMILLIAN with,
on or about March 3, 2024, being a felon in possession of firearms and ammunition,
in violation of 18 U.S.C. § 922(g)(1). If McMILLIAN enters a guilty plea and is
sentenced on this charge, and otherwise fully complies with this agreement, this
Office will not initiate any further criminal charges against McMILLIAN for his
possession of firearms and ammunition on or about March 3, 2024.

        But if a guilty plea in this matter is not entered for any reason or a guilty plea
or judgment of conviction entered in accordance with this agreement does not remain
in full force and effect, this Office may reinstate any dismissed charges and initiate
any other charges against McMILLIAN even if the applicable statute of limitations
period for those charges expires after McMILLIAN signs this agreement, and
McMILLIAN agrees not to assert that any such charges are time-barred.

<u>Sentencing</u>

The violation of 18 U.S.C. § 922(g)(1) to which McMILLIAN agrees to plead guilty in the Information carries a statutory maximum prison sentence of 15 years, and a maximum fine equal to the greater of: (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. The prison sentence imposed may run consecutively to any prison sentence McMILLIAN is serving or is ordered to serve. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon McMILLIAN is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. Those Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what Guidelines range may be found by the sentencing judge, or as to what sentence McMILLIAN ultimately will receive.

Further, in addition to imposing any other penalty on McMILLIAN, the sentencing judge as part of the sentence:

(1)     will order McMILLIAN to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing;

(2)     may order McMILLIAN to pay restitution pursuant to 18 U.S.C. § 3663 *et seq.*;

(3)     must order forfeiture, pursuant to 18 U.S.C. § 924; and

(4)     pursuant to 18 U.S.C. § 3583, may require McMILLIAN to serve a term of supervised release of no more than 3 years, which term of supervision will begin at the expiration of any term of imprisonment imposed. Should McMILLIAN be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, McMILLIAN may be sentenced to not more than 2 years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Forfeiture

As part of McMILLIAN's acceptance of responsibility, and pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c), McMILLIAN agrees to forfeit to the United States all right, title, and interest, if any, in the following items seized on or about March 3, 2024 in connection with the offense charged in the Information:

(i) a Ruger model AR-556, 5.56 caliber rifle, bearing serial number 1852-32137;

(ii) 20 rounds of 5.56 caliber ammunition;

(iii) a Cobray model PM-11, nine-millimeter pistol, bearing serial number 94-0023333;

(iv) 50 rounds of nine-millimeter ammunition; and

(v) 13 rounds of .380 caliber ammunition;

(collectively, the "Specific Property").

McMILLIAN acknowledges that the Specific Property is subject to forfeiture as a firearm or ammunition involved in or used in the violation of 18 U.S.C. § 922(g)(1) charged in the Information.

McMILLIAN waives the requirements of Rules 32.2 and 43(a) of the Federal Rules of Criminal Procedure regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment. Pursuant to Fed. R. Crim. P. 32.2(b)(4), McMILLIAN consents to the entry of a forfeiture order that, in the Office's discretion, may be final as to the defendant prior to the defendant's sentencing. McMILLIAN understands that criminal forfeiture pursuant to 18 U.S.C. § 924(d)(1) and 28 U.S.C. § 2461(c) is part of the sentence that may be imposed in this case and waives any failure by the court to advise McMILLIAN of this pursuant to Fed. R. Crim. P. 11(b)(1)(J) at the guilty plea proceeding. McMILLIAN further understands that McMILLIAN has no right to demand that any forfeiture of McMILLIAN's assets be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose in addition to forfeiture. McMILLIAN waives all constitutional, statutory, and other challenges to the forfeiture on all grounds, including that the forfeiture constitutes an excessive fine or punishment under the Eighth Amendment.

McMILLIAN also consents to the administrative and/or civil judicial forfeiture of the Specific Property pursuant to 18 U.S.C. § 984. McMILLIAN agrees that McMILLIAN will not file a claim or a petition for remission or mitigation in any forfeiture proceeding involving the Specific Property and will not cause or assist anyone else in doing so. To the extent McMILLIAN has filed a claim or petition in

any administrative or civil judicial forfeiture proceeding involving the Specific Property, such claims or petitions are deemed withdrawn. McMILLIAN further agrees to take all necessary steps to pass clear title to the Specific Property to the United States, including, but not limited to, the surrender of such property to the United States, its agent, or designee, and the execution of all necessary documentation.

McMILLIAN further consents and agrees to forfeit and abandon to federal, state, and/or local law enforcement all of McMILLIAN's right, title, and interest in the Specific Property; waives all challenges of any kind to the forfeiture and abandonment of this property by federal, state, and/or local law enforcement; waives any additional notice requirement in connection with the forfeiture and/or abandonment of this property; and consents to the destruction of the forfeited and/or abandoned property at the discretion of federal, state, and/or local law enforcement.

McMILLIAN further agrees that McMILLIAN will provide a complete and accurate Financial Disclosure Statement on the form provided by this Office within 14 days of this Office requesting that McMILLIAN do so. If McMILLIAN fails to timely provide a complete and accurate Financial Disclosure Statement, or if this Office determines that McMILLIAN has intentionally failed to disclose assets on the Financial Disclosure Statement, that failure constitutes a material breach of this agreement, and this Office reserves the right, regardless of any agreement or stipulation that might otherwise apply, to oppose any downward adjustment for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1, and to seek leave of the Court to withdraw from this agreement or seek other relief.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office may take any position with respect to the appropriate sentence to be imposed on McMILLIAN by the sentencing judge. This Office may also correct any misstatements relating to the sentencing proceedings and provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. And this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of McMILLIAN's activities and relevant conduct with respect to this case.

Stipulations

This Office and McMILLIAN will stipulate at sentencing to the statements set forth in the attached Schedule A, which is part of this plea agreement. Both parties understand that the sentencing judge and the United States Probation Office are not bound by those stipulations and may make independent factual findings and may reject any or all of the parties' stipulations. Nor do these stipulations restrict the

- 4 -

parties' rights to respond to questions from the Court and to correct misinformation that has been provided to the Court.

This agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. Thus, if this Office obtains or receives additional evidence or information prior to sentencing that it believes materially conflicts with a Schedule A stipulation, that stipulation shall no longer bind this Office. A determination that a Schedule A stipulation is not binding shall not release the parties from any other portion of this agreement, including any other Schedule A stipulation.

If the sentencing court rejects a Schedule A stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court did so properly. Finally, to the extent that the parties do not stipulate to a particular fact or legal conclusion in this agreement, each reserves the right to argue how that fact or conclusion should affect the sentence.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A and the paragraph below, this Office and McMILLIAN waive certain rights to appeal, collaterally attack, or otherwise challenge the judgment of conviction or sentence.

Immigration Consequences

McMILLIAN understands that, if McMILLIAN is not a citizen of the United States, McMILLIAN's guilty plea to the charged offense will likely result in McMILLIAN being subject to immigration proceedings and removed from the United States by making McMILLIAN deportable, excludable, or inadmissible, or ending McMILLIAN's naturalization. McMILLIAN understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. McMILLIAN wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause McMILLIAN's removal from the United States. McMILLIAN understands that McMILLIAN is bound by this guilty plea regardless of any immigration consequences. Accordingly, McMILLIAN waives any right to challenge the guilty plea, sentence, or both based on any immigration consequences. McMILLIAN also agrees not to seek to withdraw this guilty plea, or to file a direct appeal, or any kind of collateral attack challenging the guilty plea, conviction, or sentence, based on any immigration consequences of the guilty plea or sentence.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. If requested to do so, however, this Office will bring this agreement to the attention of other prosecuting offices.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against McMILLIAN. So this agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against him.

No provision of this agreement shall preclude McMILLIAN from pursuing in an appropriate forum, when permitted by law, a claim that he received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the entire plea agreement between McMILLIAN and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Very truly yours,

ALINA HABBA
United States Attorney

By:    Michelle L. Goldman
Assistant U.S. Attorney


APPROVED:


Benjamin Levin
Chief, Narcotics/OCDETF Unit

I have received this letter from my attorney, David Holman, Esq. I have read it. My attorney and I have reviewed and discussed it and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. I understand this letter fully and am satisfied with my counsel's explanations. I accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

AGREED AND ACCEPTED:


_____        Date: 7|9|25
Jamal McMillian



I have reviewed and discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, stipulations (including the attached Schedule A), waiver, forfeiture, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.


_____        Date: 7|9|25
David Holman, Esq.
Counsel for Defendant

Plea Agreement with Jamal McMillian

Schedule A

1. This Office and Jamal McMillian ("McMILLIAN") recognize that the United States Sentencing Guidelines do not bind the sentencing judge. Each party nevertheless agrees to these stipulations.

2. The version of the Guidelines effective November 1, 2024 applies in this case.

3. The applicable guideline is U.S.S.G. § 2K2.1.

4. Pursuant to U.S.S.G. § 2K2.1(a)(4), the Base Offense Level is 20, because the offense involved a semiautomatic firearms capable of accepting a large capacity magazine and the defendant was a prohibited person at the time the defendant committed the instant offense.

5. Pursuant to U.S.S.G. § 2K2.1(b)(4)(A), a 2-level increase applies because the firearms utilized in the offense were stolen.

6. Accordingly, the total adjusted Guidelines offense level is 22.

Acceptance of Responsibility

7. As of the date of this letter, McMILLIAN has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if McMILLIAN's acceptance of responsibility continues through the date of sentencing. See U.S.S.G. § 3E1.1(a).

8. As of the date of this letter, McMILLIAN has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in McMILLIAN's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) McMILLIAN enters a plea pursuant to this agreement, (b) this Office, in its discretion, determines that McMILLIAN's acceptance of responsibility has continued through the date of sentencing and McMILLIAN therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) McMILLIAN's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

9. Accordingly, the parties agree that the total Guidelines offense level applicable to McMILLIAN is 19 (the "Total Offense Level").

10. The parties agree not to advocate for any upward or downward adjustment or departure from the Guidelines range resulting from (a) the Total Offense Level and (b) the criminal history category that the sentencing judge applies under Chapter 4 of the Guidelines without any departure or variance. But each party may seek a variance from that Guidelines range, which the other party may oppose.

11. If the term of imprisonment does not exceed 37 months, and except as specified in the next paragraph below, McMILLIAN will not challenge or seek to reduce by any means any component of the sentence imposed by the sentencing judge for any reason other than ineffective assistance of counsel. The term "any means" includes a direct appeal under 18 U.S.C. § 3742 or 28 U.S.C. § 1291, a motion to vacate the sentence under 28 U.S.C. § 2255, a motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(B) or (c)(2), a motion for early termination of supervised release under 18 U.S.C. § 3583(e)(1), and any other appeal, motion, petition, or writ, however captioned, that seeks to attack or modify any component of the sentence. If the term of imprisonment is at least 30 months, this Office will not challenge by appeal, motion, or writ any component of the sentence imposed by the sentencing judge. The provisions of this paragraph bind the parties even if the sentencing judge employs a Guidelines analysis different from the one above.

12. Both parties reserve the right to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph or any other provision of this plea agreement. Moreover, the preceding paragraph does not apply to:

(a) Any proceeding to revoke the term of supervised release.

(b) A motion to reduce the term of imprisonment under 18 U.S.C. § 3582(c)(1)(A).

(c) An appeal from the denial of a § 3582(c)(1)(A) motion on the grounds that the court erred in finding no extraordinary and compelling circumstances warranting a reduced term of imprisonment or that the court failed to consider those circumstances as a discretionary matter under the applicable factors of 18 U.S.C. § 3553(a).